■ In the Matter of RICHARD COLLINS et al., Individually and on Behalf of All Others Similarly Situated, Respondents-Appellants, v. NELSON A. ROCKEFELLER, as Governor of the State of New York, et al., Appellants-Respondents.— Cross appeals, by permission, from an order of the Supreme Court at Special Term, entered August 31, 1972 in Albany County in a proceeding pursuant to CPLR article 78, which (1) granted respondents' motion to dismiss the petition on behalf of all others similarly situated; (2) granted respondents' motion to dismiss the petitions of those employees who failed to file objections; and (3) denied respondents' motion to dismiss the petitions in all other respects. Petitioners are employees of the State of New York as prison guards in penal institutions, including Attica, Elmira, Auburn and Coxsackie; security officers at State hospitals; and guards at Narcotic Addiction Control Centers. On or about May 1, 1972 petitioners received notices from respondent, Director of the Office of Employee Relations, notifying them that they had engaged in a strike on April 1 and 2, 1972 in violation of subdivision 1 of section 210 of the Civil Service Law. The notice advised petitioners that the public employer must impose penalties of probation for a period of one year, during which the employees must serve without tenure, and deduction from the employees' salaries of an amount equal to twice the daily rate of pay for every day he was in violation. (Civil Service Law, § 210, subd. 2, pars. [f], [g].) Petitioners can be divided into three groups: (1) those who filed objections pursuant to paragraph (h) of subdivision 2 of section 210 and were granted a hearing; (2) those who filed objections and were denied a hearing; and (3) those who failed to file objections. All the employees determined to have engaged in the strike have been placed on probation and have had the monetary penalty deducted from their salaries. Appellants and respondents on this appeal have raised questions of law similar to those raised and disposed of by this court in *Matter of Sanford* v. *Rockefeller* (40 A D 2d 82), and the result reached in the *Sanford* proceeding is dispositive of the questions raised herein. (Cf. *Matter of St. Pierre* v. *Board of Educ.,* 40 A D 2d 71.) We further affirm the finding of Special Term that those petitioners who failed to file timely objections have no standing to maintain this proceeding, since

they have waived their right to a hearing after proper notice. Order modified, on the law and the facts, by dismissing the petitions of those employees who have been granted a hearing, and by remitting to Special Term the proceedings of those employees whose objections were denied for a determination as to the sufficiency of the objections filed, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.